FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
DarrasLaw
3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff
REGINA CAIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

REGINA CAIN,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.

Case No.:

COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

DarrasLaw

3. Plaintiff is informed and believes and thereon alleges that the Methodist Health System Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Methodist Health System, Incorporated to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, REGINA CAIN ("Plaintiff" and/or "Ms. CAIN"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the state of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state, and, therefore, may be found within the state.

6. At all relevant times, Plaintiff was a resident and citizen of the United States, an employee of Methodist Health System, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-980239 that had been issued by Defendant LINA to Methodist Health System to insure its Plan and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should she become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.



DarrasLaw

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 90 days
- Gross Disability Benefit: 50%
- Maximum Disability Benefit: $9,500
- Minimum Disability Benefit: Greater of $100 or 10% Monthly Benefit prior to any reductions for Other Income Benefits
- Definition of Disability/Disabled:
    - The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
        - Unable to perform the material duties of his or her Regular Occupation; and
        - Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
        - After benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and unable to earn 80% or more of his or her Indexed Earnings.

10. Prior to her disability under the terms of the Plan, on or about December 4, 2017, Plaintiff, who had been employed with Methodist Health System, was working as a Patient Care Technician.

11. However, Plaintiff became disabled under the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. On or about February 9, 2018, orthopedist Dr. Stephen Ozanne completed an Attending Physician Statement certifying Plaintiff's disability due to low back pain



DarrasLaw

and sacroiliac dysfunction.

13. However, on or about April 4, 2018, LINA unreasonably and unlawfully denied Plaintiff's claim.

14. On or about May 7, 2018, Plaintiff timely appealed LINA's denial.

15. On or about June 12, 2018, LINA denied Plaintiff's appeal.

16. On or about October 26, 2018, the Social Security Administration approved Plaintiff's claim for Social Security Disability Insurance benefits.

17. On or about December 7, 2018, Plaintiff underwent a Functional Capacity Evaluation. The findings included:

- Ms. Cain is presently restricted in performing in the following areas:
  - Prolonged Sitting,
  - Prolonged Standing,
  - Prolonged Walking,
  - Lifting occasionally floor to waist,
  - Lifting occasionally floor to shoulder,
  - Lifting occasionally waist to shoulder,
  - Carrying,
  - Pushing,
  - Pulling,
  - Crouching,
  - Kneeling,
  - Bending/stooping,
  - Climbing,
  - Overhead reaching,
  - Waist level reaching,
  - Below waist level reaching,
  - Poor body mechanics,
  - Poor work endurance,
  - Poor cardiorespiratory fitness rate, (Heart rate elevated during test),

DarrasLaw



- Reported high pain levels ranging from 7 to 10
- Restricted lumbar range of motion.
- To meet sedentary a person has to be able to sit for 5.6 hours and stand for 2 hours. It appears Ms. Cain cannot.

18. On or about January 11, 2019, Plaintiff, through counsel, appealed the denial of Plaintiff's claim.

19. LINA unreasonably and unlawfully upheld its denial of Plaintiff's claim on June 12, 2018 and April 30, 2019.

20. According to LINA's denial letters:

- April 4, 2018: "After completing our review of your claim, we are unable to approve your claim for benefits…Based on the information provided by your Employer, your claim is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA). ERISA requires that you go through the Company's administrative appeal review process prior to pursuing any legal action challenging our claim determination."
- June 12, 2018: "We have completed our review of your appeal for LTD benefits under the above captioned policy and must advise you that we are reaffirming our previous denial of benefits dated April 4, 2018. …Please note you have the right to bring a legal action for benefits under the ERISA section 502(a)."
- April 30, 2019: "After completing our review of Ms. Cain's claim, we must affirm our previous decisions dated April 4, 2018 and June 12, 2018 to deny her claim…At this point in time, your client has exhausted all administrative levels of appeal and no further appeals will be considered…Your client has the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)…"

21. In so doing, LINA unreasonably and unlawfully relied upon the opinions of




physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's physicians; and misrepresented the terms of the Policy.

22. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability.

23. To date, even though Plaintiff was disabled under the terms of the Plan, LINA has not paid Plaintiff any disability benefits due under the Policy beginning on or about March 4, 2018. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed her file; and
- LINA failed to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and
- LINA ignored the opinions of Plaintiff's treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physician's opinion does not serve as substantial evidence as it is not supported by evidence in the claim file, was not issued by a physician with the same level of medical expertise as the board certified treating physicians, and is not consistent with the overall evidence in the claim file.

24. For all the reasons set forth above, the decision to deny insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law.

25. Further, LINA's decision to deny the claim and LINA's actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

26. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

27. As a direct and proximate result of LINA's failure to provide Plaintiff with benefits, Plaintiff has been deprived of said long term disability benefits beginning on or about March 4, 2018 to the present date.

28. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

29. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits, including but not limited to waiver of any life insurance premiums, as well as reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

DarrasLaw

1. An award of benefits in the amount not paid to Plaintiff beginning on or about March 4, 2018, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits, including but not limited to waiver of any life insurance premiums, as well as reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future payments/benefits so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 27, 2019

DarrasLaw



FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
REGINA CAIN

DarrasLaw